IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE LYNN MEHLING and SHERI JANE MEHLING,<br><br>    Plaintiff,<br><br>v.<br><br>FULLETT ROSENLUND ANDERSON, P.C.,<br><br>    Defendants. | Case No: 1:16-cv-05921<br><br>Honorable Ruben Castillo |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Plaintiffs, JULIE LYNN MEHLING and SHERI JANE MEHLING, by and through their attorneys, SULAIMAN LAW GROUP, LTD., in response to Defendant, FULLETT ROSENLUND ANDERSON's Rule 12(b)(6) Motion to Dismiss, states as follows:

**INTRODUCTION**

On August 10, 2016, Plaintiffs filed their First Amended Complaint against Defendant, alleging that Defendant violated Section 1692e of the Fair Debt Collection Practices Act by falsely representing the amount of the debt owed Mayfair Station Condominium Association. On September 1, 2016, Defendant filed their Rule 12(b)(6) Motion to Dismiss. Plaintiff requests the Court deny Defendant's Rule 12(b)(6) Motion to Dismiss.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the *** claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1

1955, 167 L.Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the *** claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For purposes of this motion, this Court must read the complaint and assess its plausibility as a whole. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## ARGUMENT

**I.     The amended complaint adequately alleges conduct by Defendant that is "deceptive, false, misleading, unconscionable and unfair" within the meaning of the Fair Debt Collection Practices Act.**

Congress passed the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Central to this objective is the Fair Debt Collection Practices Act's requirement that debt collectors state only truthful information.

To state a claim under the Fair Debt Collection Practices Act, Plaintiff must allege that (1) Defendant qualifies as a debt collector as defined in 15 U.S.C. § 1692a(6); (2) the actions of which Plaintiffs complain were taken in connection with the collection of any debt; and (3) the actions of which Plaintiffs complain violated one of the Fair Debt Collection Practices Act's substantive provisions. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010); *see also, e.g., Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. 2015). While Defendant does not dispute that it qualifies as a debt collector as defined in 15 U.S.C. § 1692a(6); nor does Defendant dispute that the actions of which Plaintiffs complaint were taken in connection with the collection of any debt. Rather, Defendant argues that the actions of which Plaintiffs complain do not violate one of the Fair Debt Collection Practices Act's substantive provisions.

Plaintiffs contend that the Motions for Relief from Automatic Stay violated the Fair Debt Collection Practices Act's prohibition against false or misleading information – by falsely representing the amount due. Codified at 15 U.S.C. § 1692e, that prohibition is unequivocal: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." Practices that run afoul of this command include "[t]he false representation of … the character, amount or legal status of any debt," 15 U.S.C. § 1692e(2)(A), as well as "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10).

First, Defendant cites *Bravo v. Midland Credit Management, Inc*., 812 F.3d 599 (7th Cir. 2007) to argue that with regard to false, deceptive or misleading representations in violation of 15 U.S.C. § 1692e, the standard is: (1) whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel

3

or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law. However, the facts in *Bravo* are significantly distinguishable from Plaintiff's allegations.

In *Bravo*, Katiuska Bravo sued Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act in January 2014 – the matter settled in March 2014. Midland Credit Management, Inc. agreed to forgive two of Ms. Bravo's debts (GE/Lowe's and Citibank/Sears) as part of the settlement agreement. David J. Philipps, an attorney who specializes in consumer litigation represented Ms. Bravo. In May 2014, Midland Credit Management, Inc. sent two letters addressed as follows:

> Kaliuska Bravo
> c/o David J. Philipps
> 9760 S. Roberts Rd., Ste. 1
> Palos Hills, IL 60465-1686

The letters were received at Mr. Philipps' business office and were basically identical. One letter requested the payment of the GE/Lowe's account and the other letter requested the payment of the Citibank/Sears account. Mr. Philipps did not forward the letters to his client, but opened and reviewed the content of the letters.

Ms. Bravo claimed that the letters violated 15 U.S.C. § 1692c of the Fair Debt Collection Practices Act, which (1) prohibits contact with a consumer regarding debts once the consumer notifies the debt collector that she is represented by counsel, and (2) prohibits a debt collector from continuing to communicate a demand for payment to a consumer once the consumer has refused to pay. Ms. Bravo further claimed that the letters violated 15 U.S.C. § 1692e by making false and misleading statements. Judge Gilbert opined that "a consumer's name on an envelope does not equate to communication with that consumer when it is sent in "care of" and to the address of an attorney." Judge Feinerman's dismissal was affirmed.

Defendant seeks dismissal of Plaintiffs' complaint, arguing that Plaintiffs were represented by counsel in the underlying bankruptcy proceedings, and that all communications – including the Motions for Relief from Automatic Stay – were sent to counsel in the underlying bankruptcy proceedings. Defendant, however, fails to state that the Motions for Relief from Automatic Stay were also sent *directly* to Plaintiffs.[1]

A false claim of fact in a communication may be as difficult for a lawyer to see through as a consumer. Here, the Motions for Relief from Automatic Stay misrepresent the amount due. A competent attorney might be unable to discover the falsity of the representation without an investigation that he might be unable, depending on his client's resources, to undertake. Irrespective of whether the Defendant's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law, such a misrepresentation is actionable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., whether made to the consumer directly, or indirectly through their lawyer. *See Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 775 (7th Cir. 2007).

Second, Defendant cites *Wahl v. Midland Credit Management, Inc.,* 556 F.3d 643 (7th Cir. 2009) and *Hahn v. Triumph P'Ships LLC*, 557 F.3d 755 (7th Cir. 2009) to argue that a statement cannot mislead unless it is material, so a false but non-material statement is not actionable. However, the facts in *Wahl* and *Hahn* are significantly distinguishable from Plaintiff's allegations.

In *Wahl*, in February 2005, Midland Credit Management, Inc. sent Barbra Wahl a letter demanding payment. Midland Credit Management, Inc. listed the "current balance" as $1,149.09 but offered Ms. Wahl a 25 percent discount if she payed within a month and a half (making the

---

[1] *See* Case 1:15-bk-29902, Doc 20-3. *See also*, Case 1:15-33524, Doc 23-3.

"amount due" only $861.82). The next letter came in April 2005. It is was a two-sided document. The front side bore the same format as the previous letter but with higher figures. It listed both the "current balance" and "amount due" as $1,160.57. The back side, however, broke this sum down into its component part, accounting for the increase since the previous letter. The "principal balance," or past due amount, was identified as $1,149.09. And the difference between that figure and the current amount due - $11.48 – was attributed to "accrued interest," all leading to the "new balance" (called the "current balance" and "amount due" on the front side) of $1,160.57. The final letter came in August 2015. Again, it was a two-sided document. The front side bore the same format as the previous letter but with higher figures. It listed both the "current balance" and "amount due" as $1,181.49. The back side, however, broke this sum down into its component part, accounting for the increase since the previous letter. The "principal balance," or past due amount, was identified as $1,149.09. And the difference between that figure and the current amount due - $32.40 – was attributed to "accrued interest," all leading to the "new balance" (called the "current balance" and "amount due" on the front side) of $1,181.49. The amount designated as "principal balance" in the letters ($1,149.09) included interest and late fees that accrued on Ms. Wahl's account under BP Amoco. Ms. Wahl claimed that the letters violated 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act, because "principal" cannot include interest. Judge Evans opined that "Ms. Wahl can't win simply by showing that Midland [Credit Management, Inc.'s] use of the term "principal balance" is false in a technical sense; Ms. Wahl has to show that it would mislead the unsophisticated consumer." *Wahl*, 556 F.3d at 646.

In *Hahn*, one of Triumph Partnerships LLC's affiliates sent Marylou Hahn a letter saying that she owed $1,134.55. According to the letter, $1,051.91 of this was an "Amount Due" and the remaining $82.64 was "Interest Due". The letter told Hahn that the total of $1,134.55 was

6

"inclusive of interest accrued in accordance with the terms of your original agreement." Ms. Hahn claimed that Triumph Partnerships LLC misrepresented the "character" of her debt when it said that the interest due was $82.64. Ms. Hahn maintained, and Triumph Partnerships LLC conceded, that the $82.64 represented interest accrued after it purchased the debt from HSBC Bank. The $1,051.91 included interest that accrued on Ms. Hahn's account under HSBC Bank. Thus, Ms. Hahn argued that the representation that "Interest Due" equals $82.64 was false. Judge Easterbrook opined that "[a]n amount that is due can include principal, interest, penalties, attorneys' fees, and other components. Interest then can be added to that total. *** [T]here would be no falsity even if the "amount due" had been described as "principal due" – for *Wahl* observes that when interest is compounded, today's interest becomes tomorrow's principal, so all past-due amounts accurately may be described as "principal due." *Hahn*, 557 F.3d at 757.

Here, Defendant claimed Plaintiffs were in post-petition default in the amount of $738.03. However, pursuant to Mayfair Station Condominium Association's records, Plaintiffs were in post-petition default in the amount of $547.43. (*See* Dkt. No. 17-5). Alleging an incorrect default leads to real injury; alleging interest in one line item rather than another (or in two line items) harms no one and, may very well assist some people. Materiality is an ordinary element of any federal claim based on a false or misleading statement. *See Carter v. United States*, 530 U.S. 255, 120 S. Ct. 2157, 147 L. Ed. 2d 203 (2000); *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). *See Peters v. General Service Bureau, Inc*., 277 F.3d 1051, 1056 (8th Cir. 2002); cf. *Evory v. RJM Acquisitions Funding,*

*LLC*, 505 F.3d 769- 776-77 (7th Cir. 2007).  To the bankrupt debtor, there can be no question that a dollar due is material.

Although an amount due may well exist, it is Defendant's choice to collect that amount due through false, deceptive and misleading means that is at issue in this case.  Suffice it to say that Plaintiffs' allegations are sufficient at this early stage.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' Rule 12(b)(6) Motion to Dismiss.

Dated: October 11, 2016                                         Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Julie Lynn Mehling and Sheri Jane Mehling*

## **CERTIFICATE OF SERVICE**

        I, Joseph Scott Davidson, an attorney, hereby certify that on October 11, 2016, the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS** was filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    */s/ Joseph Scott Davidson*

    Joseph Scott Davidson
    SULAIMAN LAW GROUP, LTD.
    900 Jorie Boulevard
    Suite 150
    Oak Brook, Illinois 60523
    +1 630-575-8181
    jdavidson@sulaimanlaw.com

    *Counsel for Julie Lynn Mehling and Sheri Jane Mehling*