UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE LYNN MEHLING and SHERI JANE MEHLING, ) ) ) | |
| Plaintiffs, ) ) | No. 16 C 5921 |
| v. ) ) | Chief Judge Rubén Castillo |
| FULLETT ROSENLUND ANDERSON PC, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Julie Lynn Mehling ("Julie") and Sheri Jane Mehling ("Sheri") (collectively "Plaintiffs") bring this action against Fullett Rosenlund Anderson PC ("Defendant"), alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by falsely representing the character, amount, or legal status of a debt. (R. 17, Am. Compl.) Defendant moves to dismiss Plaintiffs' claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 18, Def.'s Mot. to Dismiss.) For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

In the fall of 2015, Plaintiffs separately filed bankruptcy under Chapter 13 of the United States Bankruptcy Code. (R. 17, Am. Compl. ¶ 6; *see also In re Julie Lynn Mehling*, 15-33524 (Bankr. N.D. Ill.); *In re Sheri Jane Mehling*, 15-29902 (Bankr. N.D. Ill.).) Defendant is a law firm located in Illinois and represents Mayfair Station Condominium Association ("Mayfair"). (R. 17, Am. Compl. ¶¶ 5, 7.) On behalf of Mayfair, Defendant filed a motion to modify the automatic stay in each bankruptcy proceeding on March 24, 2016. (*Id.* ¶¶ 7-8; R. 17-2, Mots. to

Modify.) The motions are virtually identical. In the motions, Defendant stated that Mayfair was the holder of a secured interest in the debtors' real property. (R. 17-2, Mots. to Modify at 2, 4.) Defendant claimed that Mayfair was entitled to relief from the bankruptcy automatic stay because Plaintiffs "made no post-petition assessment payments since the filing of the petition[s] for relief under Chapter 13" on August 31, 2015, and September 30, 2015, respectively. (*Id.* at 3, 5.) Both motions stated that the debtor was in "default of [her] post-petition assessment payments in the amount of $1,396.53," comprised of $783.03 post-petition default and $658.50 for post-petition attorneys' fees and costs. (*Id.*) The motions attached a "Required Statement to Accompany Motions for Relief From Stay" form. (R. 17-3, Req. Statements at 2, 3.) The forms reflect that each debtor was 12 months in post-petition default to Mayfair and that the amount due was $1,396.53. (*Id.*)

Plaintiffs claim that the motions to modify contained misrepresentations regarding the status and amount of their debt. First, Plaintiffs allege that on March 24, 2016—the date on which the motions to modify were filed—it was "categorically impossible for Plaintiffs to be twelve (12) months in post-petition default" because Plaintiffs had filed their bankruptcy petitions fewer than six months earlier.[1] (R. 17, Am. Compl. ¶ 18.) Second, Plaintiffs allege that Defendant incorrectly stated that Plaintiffs were in post-petition default in the amount of $738.03, when they actually owed $547.43. (R. 17, Am. Compl. ¶ 19; R. 17-5, Ex. E; *see also* R. 24, Resp. at 7 ("Plaintiffs were in post-petition default in the amount of $547.43.").)

On June 6, 2016, Julie filed this FDCPA action. (R. 1, Compl.) Subsequently, Sheri filed a separate FDCPA lawsuit premised on the same underlying facts. *Sheri Jane Mehling v. Fullett*

---

[1] Plaintiffs repeatedly state that they both filed their bankruptcy petitions on September 30, 2015. (R. 17, Am. Compl. ¶¶ 6, 17, 18.) However, court records indicate that Julie's bankruptcy petition was filed on September 30, 2015, while Sheri's bankruptcy petition was filed on August 31, 2015. (*See In re Julie Lynn Mehling*, 15-33524 (Bankr. N.D. Ill.); *In re Sheri Jane Mehling*, 15-29902 (Bankr. N.D. Ill.).) This discrepancy is not material to the outcome of the present motion.

2

*Rosenlund Anderson PC*, Case No. 16-05922 (N.D. Ill. filed June 6, 2016). Defendant sought to consolidate the two cases, (R. 12, Mot. to Consolidate), and, on August 3, 2016, this Court granted Defendant's motion, (R. 16, Min. Order). Plaintiffs filed their amended complaint on August 10, 2016. (R. 17, Am. Compl.) The amended complaint alleges that Defendant violated 15 U.S.C. § 1692e by making false representations "of the character, amount or legal status of the debt" in the motions to modify. (R. 17, Am. Compl. ¶¶ 16-19.) Defendant now moves to dismiss the complaint under Rule 12(b)(6). (R. 18, Mot. to Dismiss.) On October 11, 2016, Plaintiffs responded, and Defendant replied on November 1, 2016. (R. 24, Resp.; R. 25, Reply.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation omitted). In deciding a Rule 12(b)(6) motion, the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the party's] favor." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation omitted). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court can consider "allegations set forth

in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).[2]

## ANALYSIS

Plaintiffs allege that the motions to modify falsely stated the duration of their post-petition default and the amount owed. (R. 17, Am. Compl. ¶¶ 18-19.) Defendant argues that "although Fullett mistakenly asserted Plaintiffs were twelve months in post-petition [default] instead of six months in default, the Motions to Lift the Automatic Stay were not deceptive or misleading to create a material violation of the FDCPA." (R. 19, Mem. at 2.) Plaintiffs respond that the motions to modify incorrectly represented the amount due and that this false representation was material because "[t]o the bankrupt debtor, there can be no question that a dollar due is material." (R. 24, Resp. at 5, 7-8.)

The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692. Plaintiffs allege that both misrepresentations violated Section 1692e of the FDCPA. (R. 17, Am. Compl. ¶¶ 16-19.) Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in

---

[2] Plaintiffs attach correspondence from Defendant and numerous filings from their bankruptcy cases to their amended complaint. (R. 17-2 through R. 17-5.) Defendant also attaches court filings from the bankruptcy cases to its memorandum in support of its motion to dismiss. (R. 19-1 through R. 19-2.) Because these documents are either public records or are referenced in the amended complaint and central to Plaintiffs' claims, they will be considered in connection with the motion. *See Williamson*, 714 F.3d at 436; *see also Seidel v. Byron*, 405 B.R. 277, 284-85 (N.D. Ill. 2009) (considering bankruptcy court records in connection with a motion to dismiss).

4

connection with the collection of any debt" including "[t]he false representation of . . . the character, amount, or legal status of any debt."[3]

Consumers "don't need protection against false statements that are immaterial in the sense that they would not influence a consumer's decision." *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009). In addition, "a false or misleading statement is only actionable under the FDCPA if it is material, . . . meaning that it has the ability to influence a *consumer's* decision." *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) ("[Plaintiff] could not prevail in the district court simply by proving that statements in the notice were false. Whether they were false or not, she had to prove that an unsophisticated consumer would be deceived or misled by them.").

As an initial matter, the parties dispute which standard the Court should apply when determining whether Plaintiffs have adequately alleged that the motions to modify violated Section 1692e. The applicable standard when determining whether a collection communication violates Section 1692e depends on whether the communication was directed to the consumer or to a lawyer, *and* whether the communication was allegedly false, misleading, or deceptive. Where the debt collector communicates directly to the debtor, and the communication is

---

[3] For the purpose of this motion, Defendant does not dispute that it is a debt collector within the meaning of the statute or that the communication at issue was made in connection with the collection of debt. (*See* R. 17, Am. Compl. ¶ 12.)

5

allegedly misleading or deceptive under Section 1692e, the "unsophisticated consumer" standard governs. *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). Under this standard, a communication violates Section 1692e if "a person of modest education and limited commercial savvy would be likely to be deceived." *Id.* The unsophisticated consumer is not a "dimwit," but may be "uninformed, naïve, and trusting." *Wahl*, 556 F.3d at 645 (citation and internal alterations omitted).

In contrast, when a debtor collector makes an allegedly misleading or deceptive representation to the debtor's lawyer, the "competent attorney" standard applies. *Evory*, 505 F.3d at 774-75; *Washington v. Portfolio Recovery Assocs., LLC*, --- F. Supp. 3d ---, 2016 WL 5477519, at *4 (N.D. Ill. Sept. 29, 2016) ("An allegedly *deceptive* or *misleading* communication made to a lawyer is not actionable if it is unlikely to deceive a competent lawyer[.]" (citation and internal quotation marks omitted)). This standard asks "whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016).

However, "[w]here a debtor alleges instead that the communication was false, as opposed to misleading or deceptive, the 'unsophisticated consumer' standard governs—no matter the targeted recipient." *Caprel v. Specialized Loan Servicing, Inc.*, No. 15 C 09145, 2016 WL 4678313, at *6 (N.D. Ill. Sept. 7, 2016) (citing *Evory*, 505 F.3d at 775). This is so because "[a] false claim of fact in a dunning letter may be as difficult for a lawyer to see through as a consumer." *Evory*, 505 F.3d at 775. For instance, if "the letter misrepresents the unpaid balance of the consumer's debt," the "lawyer might be unable to discover the falsity of the representation without an investigation that he might be unable, depending on his client's resources, to undertake." *Id.*; *see also Bravo v. Midland Credit Mgmt., Inc.*, 2014 WL 6980438, at *5 (N.D.

6

Ill. Dec. 9, 2014) ("[F]alse claims of fact *may*, not *must*, be as difficult for a lawyer to see through as for a debtor."). Under either standard, the communication at issue must "confuse a significant fraction of the persons to whom it is directed" in order for a defendant to be liable under Section 1692e. *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

Defendant argues that the Court should apply the competent attorney standard because Plaintiffs "were represented by counsel in the underlying bankruptcy proceedings" and that "the motions to lift the automatic stays . . . were communications sent to Plaintiffs' bankruptcy attorney because they were court filings in the respective bankruptcies." (R. 19, Mem. at 3.) Plaintiffs argue that the unsophisticated consumer standard applies because copies of the motions were sent to them. (R. 24, Resp. at 5.) The Court concludes that the unsophisticated consumer standard applies, but not for the reason that Plaintiffs urge.

Plaintiffs' argument that the unsophisticated consumer standard applies merely because they received a copy of a court filing misses the mark. It is undisputed that Plaintiffs were represented by counsel in their bankruptcy proceedings, and that they received a copy of the motions to modify only by operation of the Bankruptcy rules after the motions were electronically filed. (R. 25, Reply at 2 n.1.) The motions were not targeted or sent directly to Plaintiffs by Defendant, and it is plausible to infer that when each motion was filed, Defendant intended for Plaintiffs' counsel to review the motion, explain it to Plaintiffs, and come to an agreement with them as to how to respond. But regardless, Plaintiffs' amended complaint alleges that the statements made in the motions to modify were false—not that they were deceptive or misleading. (R. 17, Am. Compl. ¶¶ 17-19.) Because the representations were allegedly false, the

7

appropriate standard to apply is that of the unsophisticated consumer.[4] *See Caprel*, 2016 WL 4678313, at *6; *Bravo*, 2014 WL 6980438, at *5.

Applying that standard here, the statements that Defendant included in the motions to modify reflected that Plaintiffs were 12 months in post-petition default. (R. 17, Am. Compl. ¶ 18; R. 17-3, Req. Statements at 1, 2.) The parties agree that these statements were false. However, the error was readily apparent on the face of the filings themselves, as the motions also included the date on which each Plaintiff had filed for bankruptcy. (R. 17-2, Mots. to Modify at 3, 5.) Sheri filed for bankruptcy on August 31, 2015, and Julie filed for bankruptcy on September 30, 2015, and the motions to modify were filed on March 24, 2016. Thus, it was categorically impossible for Plaintiffs to be 12 months in post-petition default at the time the motions to modify were filed. While this statement was technically false, an unsophisticated consumer could not be deceived or confused by it. It is assumed that the unsophisticated consumer possesses "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl*, 556 F.3d at 645 (citation and internal quotation marks omitted). An unsophisticated consumer would only need to make a simple mathematical calculation to determine the number of months that had passed since the bankruptcy petition

---

[4] The Court recognizes that there is some ambiguity in the case law on this issue. In some instances the U.S. Court of Appeals for the Seventh Circuit has applied the competent attorney standard when evaluating allegedly false representations made to a debtor's attorney. *See, e.g., Bravo*, 812 F.3d at 603 ("This case involves alleged false representations to a debtor's attorney. Therefore, the standard is whether a competent attorney, even if he is not a specialist in consumer debt law, would be deceived by two letters requesting payment for debts resolved in a settlement."). However, in other cases the Seventh Circuit and district courts within the Circuit have applied the unsophisticated consumer standard to false representations made to a debtor's attorney. *See Evory*, 505 F.3d at 775 (observing the unsophisticated consumer standard would apply to an allegedly false communication sent to the debtor's lawyer if "[t]he lawyer [is] *unable to discover the falsity* of the representation" (emphasis added)); *Washington*, 2016 WL 5477519, at *6 ("This statement is not false on its face . . . . At most, the statement is potentially . . . deceptive or misleading, and therefore the stricter 'competent attorney' standard applies[.]"). Out of an abundance of caution, the Court applies the standard urged by the nonmoving party—Plaintiffs. But as is discussed herein, even if the Court were to apply the competent attorney standard, the outcome of this motion would be the same.

filings. It is simply not plausible that an unsophisticated consumer could have been deceived when she saw this clear and basic error. "Dismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citation and internal quotation marks omitted). Because Defendant's false representation would not be misleading to an unsophisticated consumer, it does not violate Section 1692e. Thus, Defendant's request to dismiss this allegation is granted.

Unlike the first misrepresentation, the Court finds the second misrepresentation made by Defendant actionable.[5] Specifically, Defendant stated in the motions to modify that Plaintiffs were in default on their post-petition assessment payments in the amount of $738.03. (R. 17, Am. Compl. ¶ 19.) Plaintiff attaches to the amended complaint a letter sent by Defendant showing that Plaintiffs were actually in default in the amount of $547.43 at that time. (R. 17-5, Ex. E at 2.) Inaccurately reporting the amount of a debt is material and actionable under the FDCPA. *See Evory*, 505 F.3d at 775. As the Seventh Circuit has explained, even a lawyer might not be able to find out the falsity of such statement without an investigation, which is not always possible to undertake depending on the situation. *Id.* Thus, such misrepresentations are actionable "whether made to the consumer directly, or indirectly through his lawyer." *Id.*

Defendant here overstated the amount of the debt by nearly $200, or approximately 25 percent. The Court cannot conclude as a matter of law that this overstatement was immaterial. *See, e.g., Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 127 (4th Cir. 2014) (concluding that overstatement in the filing of an assignment of judgment of "more than 50

---

[5] The Court notes that there is a third alleged misrepresentation mentioned in the complaint, namely, that Plaintiffs had made no post-petition payments to Mayfair, when in fact Plaintiffs had tendered multiple payments to Mayfair between the filing of their bankruptcy petitions and the filing of the motions to modify. (R. 17, Am. Compl. ¶¶ 9, 17.) Neither party addresses this alleged misrepresentation in their filings and so the Court does not address it either.

9

percent—was material under any standard" and that "when that assignment contained an overstatement in excess of 50 percent, the least sophisticated consumer could be led to decide to pay far more than she otherwise would have paid"); *Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp. 2d 992, 997 (E.D. Wis. 2013) ("[I]t is undisputed that the amount of the debt included in the letter . . . was inaccurate. . . . Here, the inaccurate amount of the debt owed was material. . . . Consequently, it is likely to mislead an unsophisticated consumer, even one familiar with her account history.").

In reply, Defendant argues that listing an "incorrect default" amount was not material here because it is undisputed that Plaintiffs were in post-petition default, Plaintiffs "were not deceived by the motions," and regardless of the error, "the process for lifting the automatic stays would have still occurred." (R. 25, Reply at 2, 4; *see also* R. 19, Mem. at 5.) Arguments about whether Plaintiffs were *actually* misled by the false statement ignores the applicable standard: Because the standard is an objective one, it is irrelevant under the objective unsophisticated consumer standard whether Plaintiffs were truly misled or deceived. *Lox*, 689 F.3d at 826 ("[T]he unsophisticated consumer test is an objective one, meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived." (internal quotation marks and citation omitted)). Thus, Defendant's argument is unavailing. Construing the complaint in the light most favorable to Plaintiffs and drawing all inferences in their favor, the Court determines that Plaintiffs have adequately stated a claim regarding the overstatement of their debt.

## CONCLUSION

Defendant's motion to dismiss (R. 18) is GRANTED in part and DENIED in part as stated herein. The parties shall appear for a status hearing on January 10, 2017, at 9:45 a.m. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: December 12, 2016**